UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23578-CIV-MORENO/GOODMAN

REGIONS BANK,

    Plaintiff,

v.

NBV LOAN ACQUISITION
MEMBER, LLC, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON AGREED
MOTION FOR CLARIFICATION**

Plaintiff Regions Bank, the judgment creditor of non-party NBV Loan Acquisition LLC ("NBV Loan"), filed this fraudulent transfer and civil conspiracy lawsuit against six defendants related to NBV Loan: Allen Greenwald, Scott Greenwald, and Amy Greenwald (collectively, the "Greenwalds"), as well as NBV Loan Acquisition Member LLC, Billy's Creek Preserve LLC, and GFS, Corp. (collectively, the "Corporate Defendants"). [ECF No. 29]. Senior United States District Court Judge Federico A. Moreno referred to the Undersigned all pretrial matters for an Order on non-dispositive motions and for a Report and Recommendations on dispositive motions. [ECF No. 78].

This agreed motion concerns Judge Moreno's Order Granting in Part Defendants' Motion to Dismiss. [ECF Nos. 48; 49]. In Judge Moreno's Order, he determined that Counts XIV, XVI, and XVIII -- which allege constructive fraudulent transfers against GFS (XIV), based on the NBV-Greenwald Release (XVI), and the Billy's Creek Satisfaction (XVIII) -- were unsupported by any factual content and merely tracked the language of the statute. [ECF No. 48]. Despite the body of the ruling discussing these three specific counts, in the final paragraph, the Order dismissed with prejudice Counts XIV, XVI, and XVII. *Id.* at 18.

The parties agree that the Court's dismissal of Count XVII is a scrivener's error and that the Order should be amended to reflect that it was the Court's intention to dismiss Count XVIII. The parties' interpretation is confirmed by the Amended Complaint, which alleges constructive fraudulent transfer -- the nature of the Counts substantively discussed in the relevant section of Judge Moreno's Order -- in Counts XIV, XVI, and XVIII, and alleges actual fraudulent transfer in Count XVII. [ECF No. 29].

Thus, based on the allegations in the Amended Complaint and the Court's reasoning underlying its dismissal of the constructive fraudulent transfer Counts, the Undersigned **respectfully recommends** that the District Court **grant** the agreed motion and amend its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss to reflect that Counts XIV, XVI, and XVIII are dismissed with prejudice.

The parties will have one (1) day[1] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Court Judge Federico A. Moreno. Each party may file a response to the other party's objection within one (1) day of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on July 7, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record

---

[1] The Undersigned is substantially shortening the objection period because I do not anticipate that either side will object because this is an *agreed* motion, and the Undersigned is recommending that the requested relief be granted.