UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23578-CIV-MORENO/GOODMAN

REGIONS BANK,

    Plaintiff,

v.

NBV LOAN ACQUISITION
MEMBER, LLC, et al.,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

At issue is Defendants' Motion for Reconsideration of the Undersigned's Order on Attorney-Client Privilege. [ECF No. 117]. For the reasons discussed below, the Undersigned **grants** (in small part) and **denies in part** Defendants' Motion.

By way of background, on August 12, 2022, the Undersigned held an in-person discovery hearing on the parties' discovery disputes. [ECF Nos. 84; 96-97]. Plaintiff requested that the Court examine *in camera* the documents listed on Defendants' amended privilege log. In response to the Undersigned's Order [ECF No. 98], the parties submitted a roster/description of the individuals listed in the privilege log and Defendants filed under seal the documents at issue in the amended privilege log. [ECF Nos. 101; 106].

After reviewing the materials, the Undersigned issued an Order overruling many of Defendants' privilege claims and required various emails be produced to Plaintiff. [ECF No. 112]. Many of the rulings were based on the fact that the joint roster [ECF No. 101] reflected that the law firm Aaronson, Schantz, Beiley, P.A. ("ASB") represented only *Allen* Greenwald -- but many communications involved ASB lawyers and *Scott* Greenwald or other persons. [ECF No. 112]. The same day the Order was entered, Defendants filed a unilateral amended roster, providing certain additional information requested by the Undersigned but also "clarifying" that "ASB also represented Scott Greenwald in connection with various matters, from early 2009 to present. ASB also represented the Greenwald Group and all of the related Greenwald entities that were involved in negotiating with GFB/FCB." [ECF No. 113].

This "clarification" serves as the grounds for many of Defendants' reconsideration requests. [ECF No. 117]. Defendants argue that this was an accidental omission due to mistake and human error. *Id.* Based on this mistake, Defendants ask that the Court reconsider its rulings on ID Nos. 6, 25, 27, 29, 32, 35, and 36.

According to Defendants, "Scott Greenwald has always maintained that Larry Schantz, Esq. and ASB represented him individually as well as NBV Loan in various capacities relating to the purchase of the GFB-Lexi Loan, the Lexi Chapter 11 bankruptcy proceedings, and the underlying adversary case in which the Supplemental Fee Judgment against NBV Loan was entered." [ECF No. 117]. As evidentiary support for this

claim, Defendants submitted only an "Engagement and Retainer Agreement" between Attorney Schantz and Scott Greenwald, executed on November 26, 2014. [ECF No. 121]. The scope of engagement provided that Attorney Schantz's firm (then known as Aaronson Schantz P.A.) would represent Scott Greenwald/The Greenwald Group "in connection with an attempted work-out of [their] financial obligations to Florida Community Bank." *Id.*

Plaintiff argues against reconsideration, stating that ASB's representation had ended by the time the emails at issue were sent and that Attorney Schantz was operating only as a *consultant*. [ECF No. 125]. In support of its position, Plaintiff attached an "agreement in principle" executed on November 18, 2015 between Florida Community Bank and NBV to purchase the debts and litigation claims. [ECF No. 125-1]. Attorney Schantz agreed in deposition that "once there was an agreement in principle between NBC and Florida Community Bank, that would have essentially ended the settlement discussions that [he] would have been providing legal advice for." [ECF No. 126-1, p. 26].

Attorney Shantz further testified that he did not believe ASB ever represented Scott Greenwald personally after this engagement ended. *Id.* at 14. According to Attorney Schantz, his role in the Greenwalds' later dealings was exclusively as a consultant and not as an attorney providing legal advice. *Id.* Based on this testimony, Plaintiff argues that all the emails (which were sent in December 2015, *after* the agreement in principle) fall outside the attorney-client privilege. The Undersigned agrees.

3

"The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). To meet this burden, "the proponent of the privilege must prove that what is sought to be protected is (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, 519 F. Supp. 3d 1184, 1197 (S.D. Fla. 2021), reconsideration denied, No. 9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021). If the proponent fails to establish even one of these elements, then the privilege claim fails. *Id*. at 1198.

Defendants have fallen woefully short of meeting this burden. They have failed to put forth evidence via declaration or affidavit establishing that ASB represented Scott Greenwald during the period in question. Defendants' only evidence -- a 2014 retainer agreement limited in scope -- is wholly insufficient to confirm the accuracy of Defendants' attorney's rhetoric that Scott Greenwald believed that ASB represented him in all manner of proceedings. Indeed, Plaintiff has presented myriad evidence which contradicts Defendants' conclusory and unsworn claims. At bottom, Defendants fail to meet their heavy burden to establish that the communications in ID Nos. 6, 25, 27, 29, 32, 35, and 36 are protected by attorney-client privilege because they have not established that the final three elements are present.

Defendants also seek reconsideration of the Undersigned's ruling concerning the April 12, 2020 email in ID No. 8, which was Ordered to be produced because Paul Friedman was not identified as an attorney for NBV on the email date. On this point, the parties agree that Attorney Friedman represented NBV during the time in question. Accordingly the Undersigned grants Defendants' request for reconsideration of this email and rules that the April 12, 2020 email in ID No. 8 is protected by attorney-client privilege.

The Undersigned also previously reserved ruling on various communications in ID Nos. 10 and 36, which included a previously unidentified individual named Cristina Pereyra. [ECF No. 112]. In their amended roster, Defendants advise that Ms. Pereyra was an attorney for Florida Community Bank. [ECF No. 113]. Plaintiff does not dispute this assertion. Concerning those emails, the Undersigned overrules Defendants' privilege objections because Attorney Schantz is included on the communications and Defendants have failed to establish that attorney-client privilege applies to his communications.

In conclusion, Defendants' request for reconsideration of the Undersigned's ruling concerning the April 12, 2020 email in ID No. 8 is **granted** and the email need not be produced. Defendants' Motion is **denied** in all other respects. Further, Defendants' privilege claims for the December 2, 2015, 10:31 AM and 2:51 PM emails in ID No. 10 and the November 24 and 25, 2015 emails in ID No. 36 are overruled and the emails shall be produced to Plaintiff. Consistent with the Undersigned's earlier stay [ECF No. 122],

Defendants shall produce all non-confidential communications [ECF Nos. 112] to Plaintiff by September 23, 2022.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on September 21, 2022.

                                                                    _____
                                                                    Jonathan Goodman
                                                                    UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record