UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23578-CIV-MORENO/GOODMAN

REGIONS BANK,

    Plaintiff,

v.

NBV LOAN ACQUISITION
MEMBER, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S REQUEST TO TAKE JUDICIAL NOTICE AND DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE

Plaintiff Regions Bank, the judgment creditor of non-party NBV Loan Acquisition LLC ("NBV Loan"), filed this fraudulent transfer and civil conspiracy lawsuit against six defendants related to NBV Loan: Allen Greenwald, Scott Greenwald, and Amy Greenwald (collectively, the "Greenwalds"), as well as NBV Loan Acquisition Member LLC, Billy's Creek Preserve LLC, and GFS, Corp. (collectively, the "Corporate Defendants"). [ECF No. 29]. Senior United States District Court Judge Federico A. Moreno referred to the Undersigned all pretrial matters for an Order on non-dispositive motions and for a Report and Recommendations on dispositive motions. [ECF No. 78].

Both Plaintiff and Defendants each filed a motion requesting that the Court take judicial notice of myriad court filings and recorded instruments. [ECF Nos. 134; 138]. Neither party filed a response in opposition and the time to do so has passed.

Plaintiff requests that the Court take judicial notice of the following documents:

Court Records

1. GFB's Complaint against Regions, et al. in the Underlying Action.
2. NBV's Verified Amended Complaint against Regions, et al. in the Underlying Action.
3. FCB's Motion for Substitution of NBV as Party.
4. Order Granting FCB's Motion for Substitution of NBV as Party.
5. Bankruptcy Court's Findings of Fact and Conclusions of Law dated June 7, 2019 in *NBV Loan Acquisition, LLC v. Lexi Dev. Co., Inc., et al.*, Adv. Pro. No. 16-1754-AJC, DE 563.
6. Bankruptcy Court's Final Judgment dated June 7, 2019 in *NBV Loan Acquisition, LLC v. Lexi Dev. Co., Inc., et al.*, Adv. Pro. No. 16-1754-AJC, DE 564.
7. Bankruptcy Court's Order Granting Lexi's Emergency Motion for Authority to Obtain Postpetition Financing from NBV.

Recorded Instruments

8. Mortgage, Security Agreement and Assignment of Leases and Rents and Fixture Filing between Billy's Creek and Atlantic Capital Asset Management, LLC, recorded September 7, 2019.
9. Satisfaction of Atlantic Capital Mortgage, recorded September 27, 2019.
10. Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing between Billy's Creek and CCHC Fund II, LP, recorded September 19, 2019.
11. First Modification of Mortgage and Receipt for Future Advance on CCHC Mortgage, recorded May 18, 2021.

[ECF No. 138].

Plaintiff's motion represents that Defendants do not object to the Court taking judicial notice of items 1-7 but do object to the Court taking judicial notice of items 8-11. *Id.*

Defendants request that the Court take judicial notice of the following documents:

Recorded Instruments

1. Certificate of Good Standing for NBV Loan Acquisition LLC issued by Delaware Secretary of State.
2. Certificate of Good Standing & Sunbiz Report for NBV Loan Acquisition Member LLC issued by the Florida Secretary of State.

Court Records

3. Findings of Fact and Conclusions of Law [ECF No., Case No. 16-01754-AJC].
4. Bankruptcy Hearing Transcript (Aug. 7, 2019, Case No. 10-27573-AJC).
5. Order Approving DIP Financing from NBV Loan [ECF No. 346, Case No. 10-27573-AJC].
6. Lexi's Fourth Amended Chapter 11 Plan [ECF No. 433, Case No. 10-27573-AJC].
7. Regions' Garnishment of NBV Loan [ECF No. 699, Case No. 10-27573-AJC].
8. Order Granting NBV Loan's Motion for Partial Summary Judgment [ECF No. 254, Case No. 16-01754-AJC].
9. Bank Group Settlement and Order Approving Settlement [ECF Nos. 377 & 386, Case No. 10-27573-AJC].
10. Regions' Amended Proposal for Settlement [ECF No. 572-1, Case No. 16-01754-AJC].
11. Regions' Motion to Disallow or Designate NBV's Vote [ECF No. 452, Case No. 10-27573-AJC].
12. Regions' Objection to Confirmation of Plan [ECF No. 451, Case No. 10-27573-AJC].
13. Order Denying Regions Motion to Designate NBV's Vote [ECF No. 476, Case No. 10-27573-AJC].
14. Order Confirming Lexi's Fourth Amended Plan [ECF No. 478, Case No. 10-27573-AJC].

[ECF No. 134].

Defendants' motion represents that Plaintiff does not object to the Court taking judicial notice of items 1-10 but does object to the Court taking judicial notice of items 11-14. *Id.*

As the Eleventh Circuit has explained, "[j]udicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding—when a plaintiff filed a complaint, what claims were argued and adjudicated, and so on." *Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 293 (11th Cir. 2019). Specifically, "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotations omitted). Consequently, "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *Id.*

Guided by these principles, the Court **grants** the parties' request that this Court take judicial notice of the listed court records from the underlying adversary proceedings, with the caveat that the factual findings and factual arguments within those documents will not be considered for the truth of the matter asserted.

Concerning the recorded instruments, Federal Rule of Evidence 201(b) provides for taking judicial notice of facts that are not subject to reasonable dispute because they

4

are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Recorded instruments concerning mortgages as well as the Certificates of Status, which are maintained by Florida and Delaware's Secretaries of State, both fall within the parameters of Federal Rule of Evidence 201(b). *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *4 (M.D. Fla. Apr. 9, 2012) (taking judicial notice of, among other things, mortgage and assignment of mortgage); *Barber v. Rubin Lublin, LLC*, No. 1:13-CV-975-TWT, 2013 WL 6795158, at *4 (N.D. Ga. Dec. 20, 2013) (taking judicial notice of warranty deed and assignment of security deed in Fair Debt Collection Practices Act); *E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, No. 1:03CV662, 2006 WL 2785774, at *3 (S.D. Ohio Jan. 9, 2006) (finding that "[t]he public records are official documents from the Ohio, Kentucky, and Indiana Secretary of State and therefore, possess the requisite level of reliability" required for judicial notice).

Accordingly, the Undersigned **grants** the parties' request that this Court take judicial notice of the listed recorded instruments, subject to the caveat discussed above.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on December 1, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno

All counsel of record

6